IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| KELLY M. | * | |
| | * | |
| v. | * | Civil Case No. MJG-18-55 |
| | * | |
| COMMISSIONER, SOCIAL SECURITY[1] | * | |
| | * | |

**\*\*\*\*\*\*\*\*\*\*\*\*\***

REPORT AND RECOMMENDATIONS

Pursuant to Standing Order 2014–01, the above-captioned case has been referred to me to review the parties' dispositive motions and to make recommendations pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 301.5(b)(ix). I have considered the parties' cross-dispositive motions, and Plaintiff's reply. [ECF Nos. 14, 15, 16]. I find that no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2016). This Court must uphold the decision of the Social Security Administration ("SSA") if it is supported by substantial evidence and if the Agency employed proper legal standards. 42 U.S.C. §§ 405(g), 1383(c)(3); *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996); *Coffman v. Bowen*, 829 F.2d 514, 517 (4th Cir. 1987). For the reasons set forth below, I recommend that both motions be denied, that the SSA's decision be reversed in part, and that the case be remanded to the SSA for further analysis.

Plaintiff filed applications for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") in 2014, alleging a disability onset date of August 1, 2011. (Tr. 229-41). Her applications were denied initially and on reconsideration. (Tr. 77-94, 97-124). An Administrative Law Judge ("ALJ") held a hearing on September 13, 2016, at which Plaintiff was represented by counsel. (Tr. 21-76). Following the hearing, the ALJ determined that Plaintiff was not disabled within the meaning of the Social Security Act during the relevant time frame.

---

[1] Currently, the position of Commissioner of the Social Security Administration is vacant, and most duties are fulfilled by Nancy A. Berryhill, Deputy Commissioner for Operations, performing the duties and functions not reserved to the Commissioner of Social Security.

(Tr. 130-50). The Appeals Council denied Plaintiff's request for review, (Tr. 1-6), so the ALJ's decision constitutes the final, reviewable decision of the SSA.

The ALJ found that Plaintiff suffered from the severe impairments of "bipolar disorder, schizoaffective disorder, anxiety, irritable bowel syndrome, obesity, fibromyalgia, and degenerative disc disease." (Tr. 132). Despite these impairments, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to:

> perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she can occasionally climb ropes, scaffolds, ladders, ramps, and stairs; can occasionally balance, stoop, kneel, crouch, crawl; is limited to performing simple, routine and repetitive tasks but not at a production rate pace; is limited to simple work-related decisions; is limited to occasional contact with supervisors and coworkers and no contact with the public; is limited to tolerating few, well-explained changes in the work setting, processes, supervision, and expectations; time off task can be accommodated by normal breaks; and the claimant would need ready access to the bathroom.

(Tr. 135-36). After considering the testimony of a vocational expert ("VE"), the ALJ determined that Plaintiff could perform jobs existing in significant numbers in the national economy. (Tr. 148-49). Accordingly, the ALJ concluded that Plaintiff was not disabled. (Tr. 149).

Plaintiff disagrees. She raises three primary arguments on appeal: (1) that the ALJ assigned insufficient weight to the opinions of her treating physician, Dr. Meckler; (2) that the ALJ's opinion violates *Mascio v. Colvin*, 780 F. 3d 632 (4th Cir. 2015); and (3) that the ALJ's RFC assessment is not supported by substantial evidence as it pertains to her need to use the bathroom on a frequent or urgent basis. Because I agree that the ALJ did not adequately explain the basis of, or provide substantial evidence for the RFC assessment and did not adequately consider the opinions rendered by Dr. Meckler, I recommend that the case be remanded to the SSA for additional explanation. In so recommending, I express no opinion as to whether the SSA's ultimate decision that Plaintiff was not entitled to benefits was correct.

Beginning with the unsuccessful argument, in *Mascio*, the United States Court of Appeals

for the Fourth Circuit determined that remand was appropriate for three distinct reasons, including, as pertinent to this case, the inadequacy of the ALJ's explanation of the limitations imposed to address "moderate difficulties" in concentration, persistence, or pace. *Id.* at 637-38. At step three of the sequential evaluation, the ALJ determines whether a claimant's impairments meet or medically equal any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Listings 12.00 *et seq.* pertain to mental impairments. 20 C.F.R. Pt. 404, Subpt. P, App. 1 § 12.00 (2016).[2] The relevant listings therein consist of: (1) "paragraph A criteria," which consist of a set of medical findings; (2) "paragraph B criteria," which consist of a set of impairment-related functional limitations; and (3) "paragraph C criteria," which consist of additional functional criteria. *Id.* § 12.00(A). If either the paragraph A and paragraph B criteria are satisfied, or the paragraph A and paragraph C criteria are satisfied, the ALJ will determine that the claimant meets the listed impairment. *Id.*

The ALJ employs a "special technique" to rate a claimant's degree of limitation in each functional area in paragraph B, based on the extent to which the claimant's impairment "interferes with [the claimant's] ability to function independently, appropriately, effectively, and on a sustained basis." 20 C.F.R. §§ 404.1520a(c)(2), 416.920a(c)(2) (2016). The ALJ uses a five-point scale to rate a claimant's degree of limitation in each of the functional areas: none, mild, moderate, marked, or extreme. *Id.* §§ 404.1520a(c)(4), 416.920a(c)(4).

The functional area of "[c]oncentration, persistence, or pace refers to the ability to sustain focused attention and concentration sufficiently long to permit the timely and appropriate completion of tasks commonly found in work settings." *Id.* § 12.00(C)(3). Social security regulations do not define marked limitations in concentration, persistence or pace "by a specific number of tasks that [a claimant is] unable to complete." *Id.* The 2016 regulations offer little

---

[2] Listings 12.00 *et seq.* were amended effective January 17, 2017. Revised Medical Criteria for Evaluating Mental Disorders, 81 Fed. Reg. 66,138, 66,161 (Sept. 26, 2016) (codified at 20 C.F.R. Pt. 404). Because the ALJ's opinion was issued before that date, the 2016 regulations apply.

3

guidance on the meaning of "moderate" limitations.

The Fourth Circuit remanded *Mascio* because the hypothetical the ALJ posed to the VE—and the corresponding RFC assessment—did not include any mental limitations other than unskilled work, despite the fact that, at step three of the sequential evaluation, the ALJ had determined that the claimant had moderate difficulties in maintaining concentration, persistence, or pace. 780 F.3d at 637-38. The Fourth Circuit specifically held that it "agree[s] with other circuits that an ALJ does not account for a claimant's limitations in concentration, persistence, and pace by restricting the hypothetical question to simple, routine tasks or unskilled work." *Id.* at 638 (quoting *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011)) (internal quotation marks omitted). In so holding, the Fourth Circuit emphasized the distinction between the ability to perform simple tasks and the ability to stay on task, stating that "[o]nly the latter limitation would account for a claimant's limitation in concentration, persistence, or pace." *Id.* Although the Fourth Circuit noted that the ALJ's error might have been cured by an explanation why the claimant's moderate difficulties in concentration, persistence, or pace did not translate into a limitation in the claimant's RFC, it held that absent such an explanation, remand is necessary. *Id.*

In this case, the ALJ imposed a number of specific restrictions in the RFC assessment to address Plaintiff's limitations in concentration, persistence, or pace. First, the ALJ limited Plaintiff's positions to those "not at a production rate pace," (Tr. 136), and this Court has determined repeatedly that similar language generally suffices to address a claimant's issues with staying on task. *See, e.g.*, *Gair v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-14-3652, 2015 WL 5774982, at *2 (D. Md. Sept. 28, 2015); *Henig v. Colvin,* Civil No. TMD-13-1623, 2015 WL 5081619, at *12 (D. Md. Aug. 26, 2015). The ALJ also stated that Plaintiff would be "limited to tolerating few, well-explained changes in the work setting, processes, supervision, and

expectations[.]" (Tr. 136). Thus, this case is readily distinguishable from *Mascio*, because the ALJ incorporated particular limitations designed to address Plaintiff's issues with concentration, persistence, or pace.

However, Plaintiff's other two arguments are meritorious. First, in assigning weight to the opinions of the treating physicians, including Plaintiff's treating psychiatrist, Dr. Meckler, the ALJ did not expressly consider the medical record as a whole. For example, the ALJ addressed each of Dr. Meckler's several opinions as a stand-alone opinion, without discussing the fact that Dr. Meckler had submitted a series of generally consistent medical opinions, containing varying degrees of detail, between 2014 and 2016. *See, e.g.*, (Tr. 145) (assigning "little weight" to one of Dr. Meckler's opinions because it "was actually completed by [Plaintiff's] therapist with her input and given to Dr. Meckler to sign"). Each of Dr. Meckler's opinions suggests that Plaintiff's mental conditions render her functionally impaired to a work-preclusive degree. (Tr. 568-69, 575, 607-08, 618-31). Although the opinion of another treating psychiatrist, Dr. Lafferman, contained a conclusory statement that Plaintiff would be unable to work for approximately one year, which is an issue reserved to the SSA, Dr. Lafferman's opinion otherwise conforms with the views expressed by Dr. Meckler. (Tr. 542) (describing Plaintiff as "very unstable, anxious and depressed"). Additionally, the opinions of both treating doctors were generally consistent with the low GAF scores appearing throughout the record. (Tr. 471) (GAF score of 40); (Tr. 479) (GAF score of 50); (Tr. 518) (GAF score of 40). In *Lewis v. Berryhill*, 858 F.3d 858 (4th Cir. 2017), the Fourth Circuit analyzed the assignment of weight to the claimant's treating physicians as follows:

> The ALJ failed to adequately explain why he failed to give the opinions of Lewis' treating physicians "controlling weight" under 20 C.F.R. § 404.1527(c)(2) and § 416.927(c)(2). In contrast to Lewis' well-documented medical history, the ALJ's rejection of Lewis' treating physician sources is perfunctory. The ALJ points to nothing in the record indicating that any non-treating sources disputed that the medical opinions of Drs. Jacob and Mahmood were not "well-supported by

5

medically acceptable clinical and laboratory diagnostic techniques." 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2). Indeed, the ALJ's analysis spans only four lines and overlooks critical aspects of Lewis' medical treatment history.

858 F.3d at 867. In this case, the ALJ's opinion suffers from a similar defect. The ALJ acknowledges, but dismisses, "examination[] findings demonstrating mood disturbances, an abnormal affect, psychomotor agitation at times, compromised judgment and insight at times, some complaints of hallucinations, and occasional abnormal thought processes," and Plaintiff's enrollment in "a partial hospitalization program for less than one month," instead relying on Plaintiff's activities of daily living to suggest that Dr. Meckler's assessments were unsupported by the record. (Tr. 146). In light of the generally consistent opinions from Plaintiff's treating physicians, which appear to be supported by findings from their clinical examinations, I cannot conclude that the ALJ's evaluation was supported by substantial evidence under the standard elucidated in *Lewis*. Accordingly, I recommend remand.

Second, the ALJ did not build an "accurate and logical bridge" with respect to her analysis of Plaintiff's medical needs involving the use of a restroom. *See Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016) (quoting *Clifford v. Apfel*, 227 F.3d 863, 872 (7th Cir. 2000)) (describing the ALJ's obligation to "build an accurate and logical bridge from the evidence to his conclusion."). The ALJ found Plaintiff's "irritable bowel syndrome" to be severe, (Tr. 132); notes that she will need "ready access to the bathroom," (Tr. 141); and discusses her medical referrals for "urinary incontinence" and "stress incontinence." (Tr. 142). The ALJ later posits, in explaining her RFC assessment, that "the IBS and urinary incontinence (even though it has not yet satisfied the durational requirement for a severe impairment) are addressed with the requirement of ready access to the bathroom." (Tr. 143). However, the ALJ's RFC assessment makes no provision for the time off task that would be needed to accommodate frequent or urgent bathroom breaks. *See* (Tr. 65-66) (VE testimony in this case explaining that the need for

6

unscheduled bathroom breaks would be incompatible with sustained gainful employment). The ALJ alleges that she imposed "limitations for time off task" to address Plaintiff's physical and mental symptoms. (Tr. 143). However, the only mention of time off task in the RFC assessment states that "time off task can be accommodated by normal breaks," (Tr. 136), which does not constitute a "limitation" particular to Plaintiff's case. The ALJ offers no explanation for the apparent contradiction between Plaintiff's need for "ready access to the bathroom," and the finding that she can adhere to normal work breaks, which typically occur on a schedule at two-hour intervals. *See* SSR 96-9p, 1996 WL 374185, at *6 (S.S.A. July 2, 1996) (noting that a normal workday includes a morning break, a lunch period, and an afternoon break at approximately 2-hour intervals). Accordingly, I recommend remand to permit the ALJ to fulfill her duty of explanation regarding Plaintiff's anticipated time off task.

**CONCLUSION**

For the reasons set forth above, I respectfully recommend that:

1. the Court DENY Defendant's Motion for Summary Judgment [ECF No. 15];

2. the Court DENY Plaintiff's Motion for Summary Judgment [ECF No. 14];

3. the Court REVERSE IN PART due to inadequate analysis the SSA's judgment pursuant to sentence four of 42 U.S.C. § 405(g);

4. the Court REMAND this case to the SSA for further proceedings in accordance with this opinion; and

5. the Court close this case.

Any objections to this Report and Recommendations must be served and filed within fourteen (14) days, pursuant to Federal Rule of Civil Procedure 72(b) and Local Rule 301.5(b).

**NOTICE TO PARTIES**

Failure to file written objections to the proposed findings, conclusions and recommendations of the Magistrate Judge contained in the foregoing report within fourteen (14) days after being served with a copy of this report may result in the waiver of any right to a *de novo* review of the determinations contained in the report and such failure shall bar you from challenging on appeal the findings and conclusions accepted and adopted by the District Judge, except upon grounds of plain error.

Dated: November 5, 2018                                  /s/
                                                          Stephanie A. Gallagher
                                                          United States Magistrate Judge